# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN EMMANUEL LOPEZ, | CASE NO. 11cv0216 WQH (MDD) |
| Petitioner, | ORDER |
| vs. | |
| DOMINGO URIBE, JR., Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation issued by the Magistrate Judge recommending that the Petition for Writ of Habeas Corpus filed by Petitioner be denied. (ECF No. 12).

## BACKGROUND

On February 1, 2011, Petitioner Marvin Emmanuel Lopez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserting due process and equal protection violations in connection with a July 2009 disciplinary hearing and sentencing that occurred while Petitioner was incarcerated in state prison. (ECF No. 1). On May 24, 2011, Respondent filed an Answer. (ECF No. 9). On July 8, 2011, Petitioner filed a Traverse. (ECF No. 11).

On April 12, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied. (ECF No. 12). The Magistrate Judge stated that "any written objections to this Report must be filed with the Court and served on all parties no later than May 2, 2012 " and that "failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order." *Id.* at 15.

To date, neither party has filed any objections to the Report and Recommendation.

## DISCUSSION

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

This Court has reviewed the Report and Recommendation and the record in its entirety. The Magistrate Judge correctly found that Petitioner did not suffer a due process or equal protection violation in connection with his July 2009 disciplinary hearing and sentencing. The Magistrate Judge correctly found that the law followed by prison administrators in sentencing Petitioner after his disciplinary hearing was not "contrary to clearly established federal law" and did not involve "unreasonable application of clearly established federal law." (ECF No. 12 at 14). The Magistrate Judge correctly concluded that the Petition should be denied.

## Certificate of Appealability

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court

concludes that jurists of reason could not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 12) is adopted in its entirety. The Petition for Writ of Habeas Corpus is DENIED. The certificate of appealability is DENIED.

DATED: June 20, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge